IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL S. JACOBS,<br><br>    Defendant. | Case No. 13-40066-JPG-002 |

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Samuel S. Jacobs' prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw (Doc. 102). Neither the Government nor the defendant has responded to the motion.

The defendant pled guilty to one count of conspiracy to manufacture methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 1,046 kilograms of marijuana equivalent, *see* PSR ¶ 15, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32. His offense level was reduced by 2 points under U.S.S.G. § 2D1.1(b)(16) because the defendant was eligible for safety valve relief and 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 27 which, considering the defendant's criminal history category of I, yielded a sentencing range of 70 to 87 months in prison. The Court granted the defendant's motion for a downward variance from the guideline range and imposed a sentence of 48 months.

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2013 version.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower the base offense levels associated with various drug amounts. The amendment reduced the defendant's base offense level from 32 to 30. His total offense level then fell from 27 to 25, yielding a lower sentencing range of 57 to 71 months.

However, the defendant does not satisfy the second criterion because allowing a reduction

would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2014). That section provides that the guideline range reduction contained in Amendment 782 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (d) (2014). One of those limitations is that the Court may not reduce a defendant's term of imprisonment to a term that is lower than the amended guideline range unless an existing below-guideline sentence was imposed as a result of the Government's request for a lower sentence due to the defendant's substantial assistance to the Government. U.S.S.G § 1B1.10(b)(2)(A) & (B) (2014). The defendant's original term of imprisonment (48 months) is already lower than the amended guideline range (57 to 71 months), so any reduction from that sentence would also be lower than the amended guideline range. However, since the existing below-guideline sentence was not a result of a Government motion based on the defendant's substantial assistance, a reduction from that sentence would be inconsistent with U.S.S.G § 1B1.10(b)(2)(A) & (B) (2014). Therefore, the Court cannot reduce the defendant's sentence.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 102) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of Court is hereby **DIRECTED** to mail a copy of this order to defendant Samuel S. Jacobs, Reg. No. 10352-025, FPC-Montgomery, Federal Prison Camp, Maxwell Air Force Base, Montgomery, AL 36112.

**IT IS SO ORDERED.**
**DATED:   February 23, 2015**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**